## Thatcher *v.* Weinstein (et al., Appellant).

Argued October 6, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *James H. Duff,* Attorney General, for appellant.

*G. A. Troutman,* with him *A. F. Barbieri,* for appellee.

OPINION BY RENO, J., January 27, 1944:

In proceedings which terminated on April 21, 1939, the workmen's compensation authorities found that claimant, in the course of her employment as a saleswoman, sustained an injury to her right leg, and awarded her compensation for total disability from August 17, 1936, to June 1, 1938, and for a fifty per cent partial disability from June 1, 1938, "and continuing until such time as the disability of the claimant shall cease or change in extent, within the limitations of the Workmen's Compensation Act."

On April 29, 1942, claimant filed a petition for a modification of the award, praying for increased compensation, and averring: "The claimant is now totally disabled. The condition of her right leg and knee has progressively become more disabling until the claimant can no longer engage in any kind of work ...... The claimant is now wearing a brace, which permits her only to get about with great difficulty, and prevents her from being gainfully employed. The claimant has lost the industrial use of her right leg and is otherwise totally physically incapacitated."

Appellant, the insurance carrier, in its answer filed May 22, 1942, averred: "We specifically deny that the claimant is totally disabled as a result of the accident sustained by her on August 3, 1936. We specifically deny that the claimant has lost the industrial use of her right leg, or that she is otherwise totally physically incapacitated. We further deny that she suffers any further disability as a result of the accidental injury than that for which she has been paid on an award for indeterminate partial disability for a period of 300 weeks, said period having expired on May 17, 1942."

The referee found: "2. That on April 29, 1942, the claimant's partial disability changed to a total disability as a result of the accident she sustained on August 3, 1936, which total disability continued up to and including the time of the hearing, and may continue

for some indefinite time in the future." His conclusion of law was that "since the claimant's disability has changed from partial to total disability, her petition for modification should be granted and compensation paid." He awarded "compensation at the rate of $9.75 per week, from April 29, 1942, to continue until such time as the claimant's disability shall cease or change in extent". His findings, conclusion and award were affirmed by the board and, upon appeal, by the court below.

There is no dispute about the facts. The witnesses before the referee were the claimant and her physician. Appellant did not present any testimony. Dr. Garvin testified that there was "very marked outward bowing of the right knee. In the erect position, with her brace removed, this knee would bow to an angle of forty-five degrees, indicating that there was a complete loss of lateral support ...... The lower right leg was not only bowed inward but was rotated inward on its long axis, giving a distortion to the foot ...... It was my opinion that this woman had complete disability of the right leg. The disability was sufficient to prevent her from doing any occupation which would necessitate walking or standing." Later, he testified that she had lost the industrial use of her leg, that this condition was permanent, and that an operation, even if successful, would leave her with a permanently stiff leg, and would not give her any more industrial use. The balance of Dr. Garvin's testimony, and that of claimant, was to the general effect that because of condition of her leg she is unable to perform any work and is totally disabled thereby. There is no evidence that any other part or organ of claimant's body was injured, destroyed or affected by the leg condition causing a separate disability.

Appellant contends that this evidence requires that claimant be compensated, not under §306(a) of the act,

which provides for compensation for total disability, but under §306(c) which provides for permanent injuries. That section, as it stood on the date of the injury, provided: "For all disbility resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: ...... For the loss of a leg, sixty-five per centum of wages during two hundred and fifteen weeks": Act of June 2, 1915, P. L. 736, §306(c), as amended by the Act of April 13, 1927, P. L. 186, §1.

The case falls squarely within the doctrine of numerous cases, the foremost of which is *Lente v. Luci,* 275 Pa. 217, 219, 119 A. 132, where the Supreme Court held: "Paragraph (c) [of §306, supra] fixes the total compensation for permanent injuries to certain parts of the body. Under it must be considered all disability 'resulting from' or related to permanent injuries, and the compensation for such injuries shall be 'exclusively' as therein provided. It will be noted the governing feature in this paragraph is a *permanent injury,* while in the former paragraphs the governing feature is a disability from an injury. In paragraph (c), the right to compensation for the consequential feature 'all disability,' no matter in what degree, is measured by the extent of the injury, i. e., so much money during a given period for the loss of a hand, arm, foot, leg or eye, respectively. In other words, this legislative mandate fixed the amount to be paid in such cases without considering, but including, all incapacity to labor that may be connected therewith, whether such incapacity be total, partial or no incapacity at all ....... The compensation mentioned is restricted by precise language, regardless of the fact that a permanent injury might otherwise affect capacity to work. The standard thus fixed is in the nature of compensation for the damage resulting from the loss of the members there named, without regard to personal capacity to labor or loss of earning power."

It is clear, we think, that claimant, having permanently lost the use of her leg, must be compensated under §306(c). There is no proof upon the record that the claimant has suffered an injury to any other part of her body. "It is evident that the board [and the court below] acted under the mistaken impression that if there was merely proof that the use of the foot had been lost and that claimant was totally disabled an award under paragraph (a) [of §306] for a potential period of 500 weeks could be justified": *McClelland v. B. & O. R. R. Co.*, 137 Pa. Superior Ct. 158, 162, 8 A. 2d 498. This proposition does not seem to be seriously controverted by appellee whose chief complaint in the oral and printed argument presented to us was that appellant had not raised the question of the applicability of §306(c) until the controversy reached this court. Appellee suggests that the case should be remanded for taking further testimony.

An examination of the record discloses that appellant did not clearly raise the question in its answer to the petition to modify nor in any of the subsequent proceedings or arguments. However, "a proceeding under the Workmen's Compensation Act is not 'litigation,' and established rules and principles of common law practice are not to be rigorously applied": *Virtue v. Plummer*, 111 Pa. Superior Ct. 476, 478, 170 A. 443. Accordingly, unless claimant is thereby harmed, appellant's contention should be considered now and a final order entered, if for no other reason than to prevent further delay. Manifestly, appellee cannot be harmed by a final determination, for there is not a scintilla of testimony upon the record to indicate the existence of a separate and distinct injury within the principle of *Lente v. Luci*, supra. Nor have her counsel suggested that the record should be remanded for the purpose of establishing that condition. Again adopting the language of *McClelland v. B. & O. R. R. Co.*, supra, (p. 164), "As the return of

the record for specific findings would cause undue delay, we shall proceed to a final disposition of the case."

For the reasons stated, claimant is entitled to an adjudication under §306(c) but credit must be allowed for the sums heretofore paid to her by the employer or carrier. From the sum ascertained according to the formula provided by §306(c) of the Act of 1927, supra, there must be deducted the sum which she has been paid, and the difference, if any, will represent the compensation which the act awards to her.

The judgment entered by the court below is vacated, and the record is remitted to the court below with instructions to enter a judgment in accordance with this opinion.