Harrington, Appellant, *v.* Mayflower Manufacturing Company.

Argued March 17, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

Richard P. Conaboy, with him James J. Powell and James J. Powell, Jr., for appellant.

David J. Conroy, with him James W. Scanlon, for appellee.

OPINION BY RENO, J., April 14, 1953:

Appellant suffered a compensable accident in the course of her employment with appellee. A compensation agreement was executed and the last payment thereon was made as of February 7, 1950. The final receipt was signed on March 6, 1950. On July 13, 1951, she filed a petition for modification, alleging a recurrence of the disability. The petition was treated as a petition for reinstatement, and allowed by the referee. Upon appeal the Board reversed the referee, holding that the petition was filed more than one year after the date of the last payment, although appellee had not pleaded the bar of the statute. The court below affirmed the Board.

The Pennsylvania Workmen's Compensation Act, §413, as amended, 77 P.S. §772, authorizes the Board to reinstate a compensation agreement "at any time" upon proof that the disability of an injured employe has recurred, and further provides that "no agreement . . . shall be . . . reinstated, unless a petition is filed with the board within one year after the date of the most recent payment of compensation made prior to the filing of such petition: . . ." Appellant concedes that the one-year limitation is literally applicable to

her petition but contends primarily that the Board may apply it only when it has been pleaded by the employer.

Our cases negate that proposition. Proceedings under the workmen's compensation legislation are not litigation and the rules of pleading established in the practice of common law actions are not applicable to them. *Thatcher v. Weinstein,* 154 Pa. Superior Ct. 368, 35 A. 2d 549. Moreover, the provision in §413, supra, (like those contained in §315, 77 P.S. §602, and §426, 77 P.S. §871) is not a technical statute of limitation which, in conformity with common law practice, must be affirmatively pleaded as a defense. It is strictly a statute of repose which completely extinguishes the right and not merely the remedy, and may be invoked even though it has not been pleaded. *Ratto v. Penna. Coal Co.,* 102 Pa. Superior Ct. 242, 156 A. 749; *Demmel v. Dilworth Co.,* 136 Pa. Superior Ct. 37, 7 A. 2d 50; *Cosenza v. General Baking Co.,* 147 Pa. Superior Ct. 591, 24 A. 2d 735; *Reichert v. Penna. R. R. Co.,* 156 Pa. Superior Ct. 213, 40 A. 2d 158; *Calabria v. State Workmen's Insurance Fund,* 333 Pa. 40, 3 A. 2d 322.

The clause "at any time" does not, as appellant further contends, authorize reinstatement of compensation agreements regardless of the one-year limitation. The clause was contained in the original Workmen's Compensation Act of June 2, 1915, P. L. 736, §423, and was not eliminated by the amendatory Act of April 13, 1927, P. L. 186, §6, which added the limitation. The clauses may be irreconcilable and hence the clause last in position, the one-year limitation, must prevail. Statutory Construction Act of May 28, 1937, P. L. 1019, §64, 46 P.S. §564.

Judgment affirmed.