525 A.2d 1252

Robert J. McDevitt, Petitioner *v.* Workmen's Compensation Appeal Board (Ron Davidson Chevrolet), Respondents.

Submitted on briefs February 5, 1987, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Richard J. Russell,* for petitioner.

*Paul J. Dufallo,* Assistant Chief Counsel, for respondent.

Opinion by Judge Doyle, May 19, 1987:

Robert J. McDevitt (Claimant)[1] petitions for review of an order of the Workmen's Compensation Appeal

---

[1] Claimant died on August 6, 1985 while Employer's appeal was pending before the Workmen's Compensation Appeal Board.

Board (Board) that reversed a referee's decision on the ground that Claimant's petition was barred by Section 315 of The Pennsylvania Workmen's Compensation Act (Act).[2] We affirm.

Claimant was employed by Ron Davidson Chevrolet (Employer) as a new and used car salesman between December 2, 1973 and July 23, 1978. For at least ten years prior to his commencing work with Employer, Claimant had suffered from diabetic neuropathy of the lower extremities. Claimant's condition manifested itself by causing numbness in his lower extremities and making it difficult for him to walk and maintain balance, leaving him prone to falls. Claimant suffered three injuries resulting from falls while in the course of his employment. The first fall occurred in March 1975 and resulted in a torn cartilage in Claimant's right knee. In July 1976, Claimant sustained a fractured hip as the result of a second fall. A third fall, on February 23, 1978, left Claimant with a fractured shoulder.

Claimant, despite medical advice to the contrary, returned to work on April 1, 1978. He continued to work until July 23, 1978, when his shoulder injury prevented him from continuing to do so.

Claimant filed a claim petition on July 10, 1981, asserting that he had sustained an injury in the course of employment on July 23, 1978. His claim petition also stated, however, that Claimant's shoulder injury occurred on February 23, 1978, and that he left work due to pain from the injury on July 23, 1978. Employer's defense was that Claimant's disability was attributable to his diabetic condition, and not to work injuries. The referee, after a series of hearings, granted Claimant benefits.

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602.

Employer appealed to the Board, raising for the first time the issue of whether Claimant's petition was barred by Section 315. Employer also asked the Board for a supersedeas of benefits, which was granted. Thereafter, the Board reversed the referee's grant of benefits on the ground that Claimant's petition was time-barred.

> Section 315 of the Act provides in pertinent part:
> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the *injury,* the parties shall have agreed upon the compensation payable under this article; or unless within three years after the *injury,* one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. §602 (emphasis added).

The referee in this case found that Claimant's *injury* occurred on February 23, 1978, while his *disability* occurred on July 23, 1978. Review of the record discloses that these findings are supported by substantial evidence. For purposes of workmen's compensation, the term "disability" means the loss of earning power by a claimant. *See Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978).[3] Under Section 315, however, the date of Claimant's disability is irrelevant; it is the date of the *injury* which commences the running of the three-year limitation contained in that section. Therefore, the Board did not err in reversing the decision of the referee.

_____

[3] In *Luciani v. Workmen's Compensation Appeal Board (Brockway Glass Co.),* 103 Pa. Commonwealth Ct. 623, 520 A.2d 1256 (1987), we pointed out that a person who is medically disabled, but earns the same wages or more as he did prior to becoming medically disabled, is not legally disabled for purposes of the Act.

Claimant contends that because Employer did not raise the statute of limitations before the referee, it is waived. We do not agree. The limitation contained in Section 315 is not a technical statute of limitations, which in conformity with common law practice, must be pled affirmatively as a defense. *Harrington v. Mayflower Manufacturing Co.,* 173 Pa. Superior Ct. 130, 96 A.2d 180 (1953). "It is strictly a statute of repose which completely extinguishes the right and not merely the remedy, and may be invoked even though it has not been pleaded." *Id.* at 132, 96 A.2d at 181. Since the issue of whether a claim is barred by Section 315 is one that may be raised at any time before the compensation authorities, *Harrington,* the Board was correct in holding that the issue had not been waived by the Employer.[4]

Claimant next contends that the "injury" in this case occurred on July 23, 1978, because each day he attempted to work after the accident constituted an aggravation of his pre-existing shoulder condition. There was, however, no medical evidence presented to support this contention. The mere fact that Claimant may have used his arm and shoulder in the course of his work is insufficient to show that he suffered an aggravation of his injury.

The third contention raised by Claimant is that the Board should have held hearings to determine whether

---

[4] We note our Supreme Court's recent plurality decision in *DeMarco v. Jones & Laughlin Steel Corporation,* 513 Pa. 526, 522 A.2d 26 (1987), where the decision of the Court was that the employer's failure to raise the defense of *res judicata* before the referee constituted a waiver of that issue. *Id.* at 529-32, 522 A.2d at 28-29. We need not pass upon the effect of *DeMarco,* however, because the issue of whether a claim has been timely filed under Section 315 is jurisdictional and may be raised at any time before the compensation authorities. *Harrington v. Mayflower Manufacturing Co.,* 173 Pa. Superior Ct. 130, 96 A.2d 180 (1953).

the Employer was estopped from asserting the statute of limitations. Claimant relies on the following record testimony in support of this contention:

*Referee Cassidy:* Now, was a compensation claim made for this injury?

A. (Claimant) No sir, it wasn't.

*Referee Cassidy:* No claim at all was made . . . ?

A. I made a claim, if that's what you mean, but he would not make one.

*By Attorney Russell* (Claimant's attorney):

Q. At the time that you were injured in February of '78 and then you came back to work, were the medical expenses outstanding for your treatment?

A. That's correct.

Q. And did you make a request that those be paid by Mr. Davidson?

A. That's correct, I did.

Q. To whom was that request made?

A. Directly to Mr. Davidson.

Q. What was his response to that?

A. Absolutely not. He did not turn it into workmen's compensation.

Q. Did you then go to the workmen's compensation carrier directly to see if you could get any help?

A. I certainly did.

Q. And whom did you see . . . ?

A. Mr. Medile.

Q. At workmen's compensation?

A. Yes, correct.

Q. And did he attempt to get Mr. Davidson to take care of these?

A. Again, this will have to be hearsay, but he told me he did.

Q. Are those medical expenses still outstanding?

A. They're still outstanding.

Q. Now, at the time that you [sic] directed to leave your employment in August of 1978, did you again request workmen's compensation benefits?

A. I requested them four times and that was one of the times, correct.

Q. And who did you request . . . ?

A. Mr. Davidson. His response was . . . his response at all times was, I pay thousands of dollars for hospitalization. I am not putting this under workmen's compensation. You get it paid under your hospitalization, and I have witnesses to that.

Q. And he refused to submit any . . . ?

A. Absolutely, and he would not under any circumstances.

We find that, under these circumstances, Claimant is not entitled to a remand. Generally, in order to toll the statute of limitations, a claimant must show by clear and precise evidence that the employer or its insurance carrier by its actions had lulled him into a false sense of security regarding the filing of his claim. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple)*, 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984), *affirmed per curiam*, 510 Pa. 283, 507 A.2d 388 (1986). Claimant's own testimony establishes that his Employer never changed its position concerning the compensability of Claimant's injury. Informing a claimant that his claim will not be paid is not in itself deceptive or misleading conduct on the part of the employer. *Palmer v. City of Pittsburgh*, 9 Pa. Commonwealth Ct. 526, 308 A.2d 179 (1973). The fact that a representative of Employer's insurance carrier stated he would see if the Employer would submit Claimant's medical ex-

penses to workmen's compensation, given Claimant's knowledge of his Employer's position in that regard, is not the type of statement upon which one could reasonably rely under the circumstances.

Given our disposition of the other issues in this case, it is unnecessary for us to determine whether the Board's granting of a supersedeas solely upon the papers submitted by both parties, without a hearing, violated due process.[5]

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

### ORDER

NOW, May 19, 1987, the order of the Workmen's Compensation Appeal Board, No. A-89378, dated April 4, 1986, is hereby affirmed.

---

[5] Nor do we pass upon the Board's alternative holding that Claimant's disability was a result of his diabetes and not a result of the injury to his shoulder.