597 A.2d 1272

James ZIMMERMAN, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(PENNSYLVANIA POWER & LIGHT
COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 19, 1991.

Decided Oct. 2, 1991.

Deborah L. Packer, for petitioner.

Michael R. Bonshock, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

James Zimmerman (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing the referee's decision granting Claimant's May 2, 1988 claim petition. We reverse.

The relevant facts as found by the referee are as follows. Claimant commenced employment with Pennsylvania Power & Light Company (Employer) in November of 1969. During his years of service, he worked as a lineman leader, field inspector and service coordinator.

In April of 1982, Claimant experienced a sharp pain in his back while pulling a wire at a customer's home. He reported the injury to the area foreman and submitted an employee's personal injury report. He missed no work as a result of the incident.

Three years later, March 7, 1985, Claimant again injured his back while attempting to manually position a pole into a hole. He had been working as a lineman leader at the time. As in the April 1982 incident, he experienced pain in his lower left back. Claimant reported the injury to his foreman, who drove to the site and took Claimant home.

Subsequently, Claimant sought treatment from Dr. John Barnoski, a board-certified family practitioner. Claimant missed approximately one week of work as a result of the March 7, 1985 injury.

On July 5, 1985, Claimant again experienced pain in his lower, left back and buttock while cutting a guy wire. This time, however, the pain extended down through his buttock to his knee. Again, Claimant reported the incident to his foreman and sought treatment from Dr. Barnoski, who prescribed bed rest and heat. Claimant missed another week of work.

Subsequent to the July 5, 1985 incident, Claimant returned to work as a lineman leader, but continued to experience back pain and missed a great deal of work. As a result, Employer referred Claimant to several doctors at Lancaster Hospital. Those doctors advised Claimant to

cease lineman work, so Employer transferred Claimant to a field inspector position, which involved no lifting or pulling. Claimant worked in that capacity for approximately one year. Thereafter, he worked as a service coordinator until September of 1987 when he left work.

Claimant testified that he is receiving long-term disability benefits through Travelers Insurance Company in the amount of $1804.00 per month. Employer fully funds those benefits.

In an October 17, 1989 decision, the referee concluded that "the medical evidence establishes a recurrence in July 1985 of the injury of March 1985. I could not find any evidence that this was a new injury." Referee's Decision at 6. Further, the referee awarded Claimant compensation at a weekly rate of $366.00, as of September of 1987.

In a December 24, 1990 opinion and order, the Board reversed the referee's order and dismissed Claimant's claim petition. The Board reasoned that because the referee awarded Claimant compensation on the basis of his March 7, 1985 injury, Claimant's claim petition was time-barred by the three-year limit for filing claims found in Section 315 of The Workmen's Compensation Act (Act).[1]

There are two issues before us.[2] The first is whether the Board erred in finding that Claimant's May 2, 1988 claim petition was barred by Section 315 of the Act, 77 P.S. § 602. The second is whether the referee erred in finding that Claimant suffered a recurrence of his March 7, 1985 injury on July 5, 1985.

The relevant portion of Section 315 of the Act reads as follows:

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602.

2. We note that our scope of review is limited to determining whether an error of law was made, constitutional rights were violated, or crucial findings of fact were supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *petition for allowance of appeal granted,* 527 Pa. 594, 588 A.2d 915 (1991).

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article, or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof ...

In this case the Claimant injured his back on March 7, 1985, and again on July 5, 1985, but did not file a claim for benefits until May 2, 1988. Clearly, if we measure the three-year period beginning with the first injury, the petition would be too late; whereas if we measure from the latter injury, the petition would be timely. The Board reasoned that since the injury was a recurrence of the March 7, 1985 injury, we must measure from the earlier date. Consequently, the Board held that the claim petition was untimely.

The Board focused its attention on the question of whether the latter injury was a recurrence as opposed to an aggravation of the earlier injury and cited the cases of *Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Company and Lattanzi)*, 115 Pa.Commonwealth Ct. 203, 539 A.2d 933 (1988), and *Town & Country Fine Furniture v. Workmen's Compensation Appeal Board (Cooley)*, 115 Pa.Commonwealth Ct. 484, 540 A.2d 638 (1988), *rev'd*, 523 Pa. 424, 567 A.2d 1042 (1990). While it is true that we held in those cases that for purposes of determining which of two employers must be held responsible for an employee's workmen's compensation benefits, there is a difference between injuries which are recurrences of earlier injuries and those which are aggravations of prior injuries, that difference has no application to the question of whether a claim is barred by the statute of limitations.[3]

The three-year limitation for bringing claims commences on the date an injury is sustained. *McDevitt v.*

---

**3.** The precedential value of these cases is questionable since the Pennsylvania Supreme Court's reversed *Town & Country* without opinion.

*Workmens' Compensation Appeal Board (Ron Davidson Chevrolet)*, 106 Pa.Commonwealth Ct. 207, 525 A.2d 1252 (1987). *See also, Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991). In this case the Claimant alleged an injury to his back on July 5, 1985, while cutting a guy wire in the course of his employment, and his doctor likewise testified that Claimant was injured on this date. The referee believed this testimony. Although the Claimant had previously injured the same part of his back, it was this latter injury which rendered him unable to perform his pre-injury job, and therefore the date of that injury is when the claim accrued. *Id.*

Section 301(c)(1) of of the Act, *as amended*, 77 P.S. § 411, defines injury as follows:

The term[ ] 'injury' ... as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury....

Whether the injury which occurred on July 5, 1985, was an aggravation, reactivation, acceleration or recurrence of the previous condition is not pertinent to the question of whether it is a compensable injury under the language of the Act. It is sufficient that the referee found that the Claimant injured his back on this date, and filed his claim petition within three years.

The second issue is whether there is substantial evidence to support the referee's finding that the Claimant suffered a recurrence of a prior injury on July 5, 1985. Since we determined above, however, that the characterization of the injury as a recurrence or aggravation of the earlier injury is not germane to the issue of whether it is a compensable, we need not address this issue.

Accordingly, we reverse the order of the Board and reinstate the order of the referee awarding benefits to Claimant.

600

## ORDER

AND NOW, this 2nd day of October, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and the order of Referee James P. Deeley dated October 27, 1989, is reinstated.