625 A.2d 109

**Gwenn MELTZER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DEVEREUX FOUNDATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1993.

Decided April 21, 1993.

Reargument Denied June 4, 1993.

John R. O'Rourke, Jr., for petitioner.

Martin J. Fallon, Jr., for respondent.

Before DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Gwenn Meltzer (claimant) appeals from an order of the Workmen's Compensation Appeal Board reversing the referee's decision to grant the claimant's litigation and medical expenses.

The claimant worked for the Devereux Foundation (employer) as a recreation counselor. On February 19, 1985, she was injured while attempting to restrain a client. She received medical care, during which time the employer paid her medical expenses and continued her regular wage payments, and she subsequently returned to work. Although she allegedly suffered additional injuries in 1986, she filed a claim petition on October 31, 1988, alleging a disabling injury on February 19, 1985.

The referee made the following relevant findings of fact:

4. The Claimant is found credible and convincing that in February 1985 while horseback riding with a client she was hit in the face, neck and shoulders.... The Claimant is also credible and convincing that she had two similar incidents restraining clients while at work at Devereux and that these incidents caused further injuries to her as they occurred in July of 1986.[1]

5. Dr. Robert Knobler is found credible and convincing that the Claimant suffered thoracic outlet syndrome and reflex sympathetic dystrophy as a result of her employment injury on February 19, 1985 and that subsequent injuries in 1986 worsen [sic] the Claimant's clinical condition.... Dr. Knobler is also credible and convincing that Claimant presently remains disabled as a result of serve [sic] problems with the pain....

6. Dr. Knobler is also found credible and convincing that Claimant continues to require medical treatment for her employment injuries into the indefinite future.

7. The Claimant has filed her Petition within the three year statute of limitations based on the Referee's belief that

1. There is no evidence in the record to support the reference to injuries sustained in the month of July.

Claimant suffered subsequent injuries as late as July 1986 and the convincing testimony of Dr. Knobler that these injuries aggravated the Claimant's original injury in 1985.

. . . .

9. The Claimant has a Fee Agreement with her attorney allowing for twenty (20) percent of all compensation benefits to be paid as counsel fees.

Based on these findings, the referee made the following relevant conclusions:

2. The Claimant has met the burden of proof necessary that she suffered and [sic] employment related injury on February 19, 1985 with additional aggravating injuries as late as July 1986 while employed by the Defendant.

3. The Defendant shall be responsible for the payment of litigation and medical expenses incurred....

The referee then awarded litigation and medical expenses and counsel fees. The decision bore a circulation date of July 17, 1991.

Both parties appealed from the referee's decision.[2] By decision and order dated August 10, 1992, the Board sustained the employer's appeal and reversed the order of the referee, concluding that Dr. Knobler's causation testimony was equivocal and that the record lacked sufficient evidence to support a finding of an aggravation in 1986.[3] The claimant timely

2. On August 14, 1991, the claimant forwarded a letter to the referee requesting a clarification of the decision on the matter of an award of wage compensation. On August 15, 1991, she filed an appeal of the referee's decision, alleging that the referee failed to award wage compensation for her continuing disability. The employer subsequently filed a motion to quash the claimant's appeal as untimely filed. On September 16, 1991, the claimant filed a second appeal, captioned *nunc pro tunc*, requesting a remand for a wage loss determination. In its reply, the employer asserted that the claimant's request should be denied because she failed to establish the requisite bases for allowance of a *nunc pro tunc* appeal.

3. The Board also granted the motion to quash and dismissed the claimant's appeals.

appeals here from the order of the Board.[4]

■ The dispositive issues raised for review are (1) whether substantial evidence supports the referee's finding of a compensable injury in 1986 and (2) whether the claimant's claim petition was time-barred under Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602.[5] Section 315 of the Act bars a claim unless a petition is filed within three years after the date of injury.[6]

■ As a preliminary matter, we note that the claimant's petition, while filed October 31, 1988, alleged an injury on February 19, 1985. On its face, the petition, having been filed three years and eight and one-half months after the date of injury, was not timely filed. The claimant did not amend her petition to allege an injury in 1986. Nevertheless, based on the testimony of the claimant and her medical expert, the referee made findings of fact that the claimant suffered an injury in 1986 and that her claim petition was timely filed.[7] Therefore, disposition of the timeliness issue initially requires a determination of whether substantial evidence supports these findings of fact.

4. Our scope of review on appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been made, or whether constitutional rights have been violated. *Zimmerman v. Workmen's Compensation Appeal Bd. (Pennsylvania Power & Light Co.),* 142 Pa.Commonwealth Ct. 595, 597 A.2d 1272 (1991), *appeal denied,* 529 Pa. 661, 604 A.2d 252 (1992).

5. Our disposition of this issue negates the need to reach the other issues raised by the parties.

6. The claimant asserts that the running of the statute of limitations did not begin until January 21, 1986, when the employer ceased paying medical bills. However, the voluntary payment of medical expenses by an employer, prior to the filing of a claim petition and in the absence of an agreement, is not "compensation" for the purposes of tolling the statute of limitations. *Artman v. Workmen's Compensation Appeal Bd. (St. Paul's Home for Aging),* 107 Pa.Commonwealth Ct. 341, 528 A.2d 684 (1987), *appeal denied,* 517 Pa. 619, 538 A.2d 501 (1988).

7. The characterization of the injury as an "aggravation" is irrelevant to the determination of whether a claim is time-barred under Section 315. *Zimmerman.*

During the hearing before the referee, the claimant testified in detail as to her 1985 injury. In contrast, her only testimony relating to the alleged 1986 injuries was as follows:

Q. Did you sustain any injury after that point in time?

A. Yes; two or three other times ... I think there was one in March and two in April or one in March and one in April and one in May; I am not sure.

. . . .

Q. ... [W]hat type of injuries did you receive at that time....

A. I can't remember; it was the same type of thing, I mean, I had to restrain a client and it just kind of re-injured or it flared up my problem all over again.

Notes of Testimony of November 29, 1988, at 13, Reproduced Record (R.R.) at 15a.

The claimant's medical witness, Dr. Knobler, who began treating the claimant in 1990, offered similarly limited testimony on the alleged 1986 injuries. After having had Dr. Knobler testify in detail about the 1985 injury, claimant's counsel conducted the following direct examination:

Q. Are you aware of Gwenn Meltzer's incidents in 1986 where she was also injured—

. . . .

A. —in discussing with her, I understand that there was subsequent injury in 1986, and I was told by her, although I do not have the specific dates, that over a period of three years, there were several additional injuries that she sustained in the course of—in the course of her employment.

. . . .

Q. Would you state that the later injuries aggravated the condition from the injury in 1985?

MR. FALLON: Objection. Leading question.

THE WITNESS: It's my impression, based on the onset of her symptoms in 1985, that subsequent injuries worsened the clinical condition of thoracic outlet syndrome and subsequent reflex sympathetic dystrophy. . . .

Dep. at 27–28, R.R. at 54a–55a. On cross-examination, Dr. Knobler testified that the claimant had told him that "she had falls" after her 1985 injury, *id.* at 79, R.R. at 106a, but that he sought no further details as to their occurrences. *Id.* at 79–80, 81, R.R. at 106a–107a, 108a. He also testified that he had the "impression that these subsequent injuries followed along the lines of the initial injury that she had and were related to it," but that he had not inquired further as to the nature of these injuries. *Id.* at 80, R.R. at 107a.

We conclude that the foregoing testimony does not constitute substantial evidence to support the referee's findings that the claimant suffered a work-related injury in 1986. Notwithstanding Dr. Knobler's testimony that he had the "impression . . . that subsequent injuries worsened the [claimant's] clinical condition," he failed to offer an unequivocal medical opinion relating to the 1986 injuries on the issues of causation or disability. Rather, he repeatedly testified that the claimant's condition was caused by her 1985 injury, *id.* at 24, 26, 27, R.R. at 51a, 53a, 54a, and further testified that her disability was attributable to her 1985 injury. *Id.* at 88–89, R.R. at 115a–116a.

Based on the foregoing, we further conclude that the Board did not err in its conclusion that the claim was time-barred. The claim petition alleging a 1985 injury was untimely on its face and the referee's findings of a 1986 injury, which we determined are not supported by substantial evidence, cannot support a finding that the claim was timely. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this the 21st day of April, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.