536

Thomas F. Spillane *v.* Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Provident National Bank. Thomas F. Spillane, by his widow, Madeline E. Spillane, Appellant.

Argued September 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Benjamin Cherry,* for appellant.

*Lawrence L. Robinson,* with him *Joseph R. Thompson,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, October 13, 1976:

Thomas F. Spillane claims that he suffered an accidental injury in the course of his employment on January 24, 1969. He filed his claim petition for

compensation on May 25, 1970, which day was, the referee concluded as a matter of law, one day after the expiration of the sixteen month period then provided as the time within which claims should be filed by the then version of Section 602 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602. The Workmen's Compensation Appeal Board affirmed. We reverse the Board's decision because May 24, 1970, which was the last day of the 16 month period of limitation, was a Sunday, and the Statutory Construction Act of 1972, 1 Pa. C.S. §1908 provides "whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." Since Sunday, May 24, 1970, must be omitted, 16 months after January 24, 1969 was May 25, 1970.

Since the referee's and the Board's incorrect computation of time resulted in their conclusion that they had no jurisdiction to hear the claim, the employer's argument that the Board and we are bound by the referee's finding that the statute had expired is, of course, without merit. Jurisdiction is clearly a matter of law.

We must therefore reverse the decision of the Board, affirm the referee and remand.

## Order

And Now, this 13th day of October, 1976, it is ordered that the decision of the Workmen's Compensation Appeal Board be and the same hereby is reversed and the record is remanded for disposition of this case in accordance with law.