570 A.2d 143

**Barry POLLARD, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NORTH STRABANE TOWNSHIP) and (Westmoreland Casualty Company), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Feb. 16, 1990.

340

Lawrence R. Chaban, with him, Eric P. Betzner and Benjamin J. Costello, Yablonski, Costello, Leckie & Chaban, Washington, for petitioner.

J. Lawson Johnston, Dickie, McCamey & Chilcote, P.C., Pittsburgh, for respondents.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Barry Pollard, (Claimant), seeks review here of an order of the Workmen's Compensation Appeal Board (Board), entered after granting a rehearing and reversing its and a referee's prior decision and order which granted compensation to Claimant, the resulting disallowance being based on a determination by the Board on the rehearing that the claim was barred by the statute of limitations, Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602.

Claimant gave his age as 44 at a hearing held on October 9, 1984, and then testified that he was employed as a policeman by North Strabane Township from 1972 until 1977 when he was promoted to Officer-in-Charge, a post that required of him a significant increase in job activities

and responsibilities which he was unable to manage. He suffered depression and anxiety from the stress of these activities and finally to obtain relief, since his health was failing, he resigned on August 12, 1981. The referee's basic findings, supported by the testimony, are as follows:

3. The claimant was employed from 1972 until 1977 as a police officer by the employer. He was promoted to officer-in-charge in 1977, which entailed a significant increase in job duties and job pressures over his usual police officer duties. He continued to be employed until his resignation from employment on August 12, 1981.

. . . .

5. The claimant resigned from the North Strabane Township police force due to....

5. The claimant resigned from the North Strabane Township police force due to depression and anxiety resulting from significantly increased job responsibilities over his normal job duties as police officer beginning in 1977, upon his appointment as officer-in-charge, which continued until his resignation on August 12, 1981.

6. Based upon the sufficient, competent and credible testimony of Dr. Paul O. Young, a licensed clinical psychologist, your Referee finds as a fact that the claimant became totally disabled from performing his employment with North Strabane Township as of August 12, 1981, the date of his resignation, due to depression and anxiety which resulted from the increasing job responsibility and excessive stress in performing the duties of officer-in-charge beginning in 1977, which differed markedly from his usual and normal duties as a police officer with the employer prior to that date.

7. Based upon the competent and credible testimony of Chief Strimel and Dr. Young, your Referee finds as a fact that the job of officer-in-charge did entail additional job responsibility and extra stress over the job of a police officer which was the claimant's regular employment prior to the resignation of Chief Bell in 1977.

8. Based upon the competent and credible testimony of the claimant and Dr. Young, your Referee finds as a fact that the additional job responsibility and extra stress of the position of officer-in-charge began effecting [sic] the claimant soon after his assumption of those duties and eventually resulted in his disabling depression and anxiety.

9. The claimant first knew or should have known through the exercise of reasonable diligence of the relationship between his disability and his employment on June 27, 1984, the date Dr. Young informed the claimant's counsel of said relationship, and notice was given to his employer on August 9, 1984, by certified mail # P447–597–649, which is within the required 120–day period.

It is on these findings, the referee's conclusion and award was made. The relevant and controlling conclusion reads:

2. The claimant has proved by sufficient, competent and credible evidence that he is totally disabled as a result of a work-related injury and therefore is entitled to benefits under the Act.

On appeal, the Board affirmed, whereupon an appeal was filed with this Court, but the matter was called back by the Board's grant of a rehearing on the question of the statute of limitations.

■ The Board in its opinion on the remand then noted that the statute of limitations begins to run from the date of injury, citing *McDevitt v. Workmen's Compensation Appeal Board (Ron Davidson Chevrolet)*, 106 Pa.Commonwealth Ct. 207, 525 A.2d 1252 (1987). But this ruling in *McDevitt*, where the claim was for a single trauma, a fall at work causing a fractured shoulder, can have no application to a case such as this one where the cumulative effect of work-related events or circumstances results in a final disabling basis for a claim which is the "injury" that trig-

gers the running of the statute of limitations.[1] Before this date, August 12, 1981, as found by the referee, there was no claim and there being no claim, there was nothing against which the statute of limitations could run. In *McDevitt*, the claimant had a claim from the date of his fall, the compensable event. Instead of pursuing that claim, he chose to return to work for several weeks after the injury.[2]

Rather than *McDevitt*, this case is akin to *Leo v. Workmen's Compensation Appeal Board (Borough of Charleroi)*, 114 Pa.Commonwealth Ct. 6, 537 A.2d 399 (1988) and *Bevilacqua v. Workmen's Compensation Appeal Board (J. Bevilacqua Sons, Inc.)*, 82 Pa.Commonwealth Ct. 511, 475 A.2d 959 (1984).[3]

In *Leo*, the claimant had worked for the Borough in the Street Department for six years until his transfer to the Police Department as a policeman, a post held by him from 1974 through April 7, 1980, when he experienced a breakdown, a biological illness diagnosed as paranoia schizophrenia. Relying upon *Bevilacqua*, we reversed a Board's disallowance and ordered reinstatement of the referee's award for job stress resulting in total disability as of April 7, 1980. In *Bevilacqua*, also, there was a change of duties of the claimant; having been employed by his family company for 20 years, the first 15 as a sheet metal worker under

1. *See Sheetz v. Workmen's Compensation Appeal Board (Firestone Tire and Rubber Co.);* 104 Pa.Commonwealth Ct. 411, 522 A.2d 146 (1987); *Divine Providence Hospital v. Workmen's Compensation Appeal Board (Bonner)*, 75 Pa.Commonwealth Ct. 565, 462 A.2d 917 (1983); *Oakes v. Workmen's Compensation Appeal Board*, 66 Pa.Commonwealth Ct. 569, 445 A.2d 838 (1982); *Beaver Supermarket v. Workmen's Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 505, 424 A.2d 1023 (1981); *Firestone Tire and Rubber Company v. Workmen's Compensation Appeal Board*, 40 Pa.Commonwealth Ct. 142, 396 A.2d 902 (1979).

2. We note also that an injury without disability is not compensable, except under some circumstances that may occur with non-disabling injuries compensable for specific losses under Section 306(c) of the Act, 77 P.S. § 513.

3. We note that we do not have before us in this case any question as to the validity of the psychic injury and, therefore, express no opinion thereon. *See*, as to the area of psychic injuries where there is no precipitating physical trauma, the recent Supreme Court opinions in *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990).

a foreman; when his father retired and he attempted as of June 23, 1980 and for 5 years to fill his father's role as an estimator. He experienced depression, anxiety and mental confusion. Under medical care, he stabilized briefly after September, 1978, but continued work until he suffered deterioration and reduced his activities until he resigned on June 23, 1980. We reinstated a referee's award, stating:

> Except for the stabilization in September and October, 1978, as long as the claimant attempted to perform his duties, his condition deteriorated in an objectively discernable [sic] manner. Ultimately, he became totally disabled. Recently, we recognized that such a long-term process may result in a compensable mental injury. See *McDonough v. Workmen's Compensation Appeal Board (Commonwealth of Pennsylvania)*, 80 Pa.Commonwealth Ct. 1, 470 A.2d 1099 (1984). We believe that the present case is analogous to McDonough and conclude, therefore, that the claimant suffered a compensable injury on June 23, 1980.

*Id.*, 82 Pa.Commonwealth Ct. at 515–16, 475 A.2d at 961.

In each of these cases, the cumulative effect of work stress resulted in the ultimate breakdown, the compensable injury.

■ *McDevitt*, we note, stands for the principle that the limitation in Section 315 can be raised before the Board and need not be raised at the outset before a referee. This, of course, is quite true, but the Board in this case went on to change the date of injury, relating it somehow to possible marital problems that Claimant had at a point some time after Claimant's resignation date fixed by the referee.[4] Of course, the Board has no authority, having taken no additional testimony, to make this kind of finding of fact which, furthermore, would not be supported by substantial evidence, even if it were made by a proper finder of facts. The Board's lack of authority in this regard is quite clear and has long been the established law of this Common-

---

4. The referee found Claimant's date of injury to be August 12, 1981; whereas, the Board's date is December of 1981.

wealth. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973).

The Board's further comments dealt with the Board's view that there was some effort to toll or otherwise extend the limitation. As will be seen, no tolling or extension of the limitation period is necessary in this case. The referee's findings which are supported by substantial evidence have not been diminished in factual content or legality, particularly Findings of Fact Nos. 5 and 6, quoted above. It will be noted for our purposes here that the unusual character of Claimant's change of duties, which brought about his emotional breakdown, is stated quite clearly in these Findings, as follows:

5. The claimant resigned from the North Strabane Township police force due to depression and anxiety resulting from significantly increased job responsibilities over his normal job duties as police officer beginning in 1977, upon his appointment as officer-in-charge, *which continued until his resignation on August 12, 1981.* (Emphasis added.)

Likewise, the referee's finding as to total disability, which is unassailable by reference to the evidence in the record, appears, as quoted above:

6. Based upon the sufficient, competent and credible testimony of Dr. Paul O. Young, a licensed clinical psychologist, your Referee finds as fact that the claimant became totally disabled from performing his employment with North Strabane Township as of August 12, 1981, the date of his resignation, due to depression and anxiety which resulted from the increasing job responsibility and excessive stress in performing the duties of officer-in-charge beginning in 1977, which differed markedly from his usual and normal duties as a police officer with the employer prior to that date.

■ Concerning the statute of limitations issue, there can be no question that the petition was timely filed within three years after August 12, 1981. The record established

that the petition was placed in the mail on August 12, 1984, received at the Department on August 13, 1984.

It goes without saying that Claimant's resignation date, August 12, 1981, is the date from which the running of the statute of limitations must begin, since, as previously noted, one cannot make a claim for disability before such disability has occurred.

Furthermore, our appellate courts have always recognized as compensable the effect of cumulative trauma resulting in disability from repeated exposures to events which constitute frequent or even daily traumatic items or events. *See Hinkle v. H.J. Heinz Co.*, 462 Pa. 111, 337 A.2d 907 (1975). *See also* cases cited in Footnote No. 1 above.

 It is uncontradicted that Claimant mailed his claim petition to the Department on August 12, 1984 and that it was received in the Department on August 13, 1984. Familiar principles dictate that the first date be excluded and the last date be included. In this case, however, the last date for filing, August 12, 1984, happened to be a Sunday, providing Claimant with one additional day to August 13, 1984. *Spillane v. Workmen's Compensation Appeal Board (Provident National Bank)*, 26 Pa.Commonwealth Ct. 536, 364 A.2d 1386 (1976). *See also Allen v. Patterson–Emerson–Comstock, Inc.*, 180 Pa.Superior Ct. 286, 119 A.2d 832 (1956).

 As regards the Board's incorrect computation of time resulting in its conclusion that the limitation in Section 315 had run and that it, the Board, did not have jurisdiction, we are bound, as was the Board, to accept findings of a referee which are supported by substantial evidence, so that the Board's holding to the contrary is, of course, without merit and must be disregarded by this Court, since the issue of jurisdiction is clearly a matter of law. Accordingly, we will reverse and reinstate the decision and award of the referee.

## ORDER

NOW, February 16, 1990, the order of the Workmen's Compensation Appeal Board dated April 6, 1989, as of Docket No. A–91877, is hereby reversed and the decision and order of the referee dated May 30, 1986 and received at the bureau on June 10, 1986, is reinstated.