624 A.2d 821

**Ralph M. BROOKS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ANCHOR GLASS CONTAINER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 3, 1993.

Decided April 26, 1993.

Mark D. Brooks, for petitioner.

Joseph S. Weimer, for respondent.

Before DOYLE, PALLADINO, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

DOYLE, Judge.

This is an appeal [1] by Ralph M. Brooks (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming an order of the referee which dismissed Claimant's claim petition under The Pennsylvania Workmen's Compensation Act (Act).[2]

Claimant has been employed by Anchor Glass Container Company (Employer) since 1951. In the 1970's, Claimant began working as a machinist and mechanic for Employer and his duties involved the use of his hands and wrists in the continual and repetitive operation of various machines. He first began experiencing numbness and loss of grip in his hands in the early 1970's and his problems with his hands continued from that time. On May 10, 1985, Claimant consulted with Robert Wilson, M.D. who diagnosed Claimant as suffering from carpal tunnel syndrome bilaterally and also informed Claimant that his employment was the cause of his injury.

Despite Dr. Wilson's diagnosis, Claimant continued to work, and his symptoms continued to increase until 1988 when he was no longer able to work and underwent wrist surgery to correct his condition. Claimant missed work as a result of his condition for the closed period from April 15, 1988 to August 3, 1988.

1. This case was reassigned to the opinion writer on March 3, 1993.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

 Claimant filed a claim petition seeking compensation for his work-related carpal tunnel syndrome on June 16, 1989.[3] At the hearing on the petition, Claimant presented his own testimony and reports from three doctors attesting to Claimant's condition. Employer presented no evidence. The referee concluded that Claimant had been injured on May 10, 1985, the date that he was informed of his carpal tunnel syndrome by Dr. Wilson. Therefore, the referee found that Claimant's claim petition filed on June 16, 1989 had been filed more than three years after his injury and was thus untimely under Section 315 of the Act, 77 P.S. § 602. Accordingly, the referee dismissed the petition. Claimant appealed to the Board which affirmed the referee, and appeal to this Court followed.[4]

 The sole issue presented to this Court is whether the referee erred in concluding that Claimant's petition was time barred by Section 315 of the Act.[5] Section 315 provides, in pertinent part, as follows:

In cases of personal injury, all claims for compensation shall be forever barred, unless, within three years after the *injury*, the parties shall have agreed upon the compensation

3. Claimant had immediately reported his injury to Employer in 1985 and was told by Employer's representatives that his claim was not compensable under Workmen's Compensation but would rather be handled through the Employer's medical insurance. Although Claimant realized that he would not be able to afford wrist surgery suggested by his doctors under Employer's insurance plan, he did not file a Workmen's Compensation claim petition until 1989.

4. Because Claimant, the party with the burden of proof, was the only party to present evidence and yet did not prevail, our scope of review is limited to determining whether the Board committed an error of law or capriciously disregarded the competent evidence presented. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), *appealed again after remand*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991).

5. Before the Board, Claimant also maintained that his failure to file the claim petition within Section 315's limitation period was the result of his justified reliance on Employer's misleading statements and thus the limitation period was tolled. Claimant failed to raise this argument in his petition for review before this Court, failed to include the issue in the Statement of Questions Involved as required by Pa.R.A.P. No. 2116(a), and otherwise failed to mention the issue anywhere else in his brief. Accordingly, Claimant waived this issue.

payable under this article; or unless within three years after the *injury,* one of the parties shall have filed a petition as provided in article four hereof. (Emphasis added.)

It is clear from both the Act itself and case law that the three-year limitation period commences on the date of the injury and not on the date of the disability. *See Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.),* 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991); *McDevitt v. Workmen's Compensation Appeal Board (Ron Davidson Chevrolet),* 106 Pa.Commonwealth Ct. 207, 525 A.2d 1252 (1987), *appeal dismissed as improvidently granted,* 520 Pa. 119, 552 A.2d 1048 (1989). Thus, the critical question in the instant case is when did Claimant's injury occur.

The referee concluded that Claimant was injured on May 10, 1985, the date on which he was diagnosed and informed that he was suffering from carpal tunnel syndrome related to his employment. Claimant argues that his injury is a progressive injury which began to manifest itself in the 1970's and which culminated in his disability on April 15, 1988. Claimant alleges that the date of his injury cannot be precisely pinpointed in the same manner as, for example, a heart attack or physical trauma, and thus argues that the date of injury should be deemed the date of disability, citing our decisions in *Pollard v. Workmen's Compensation Appeal Board (North Strabane Township),* 131 Pa.Commonwealth Ct. 339, 570 A.2d 143 (1990), *petition for allowance of appeal denied sub nom. Petition of North Strabane Township,* 525 Pa. 665, 583 A.2d 794, 795 (1990), and *Dana Corporation v. Workmen's Compensation Appeal Board (Savage),* 75 Pa.Commonwealth Ct. 474, 462 A.2d 900 (1983), in support of this assertion.

In *Pollard,* the claimant had been employed as a police officer from 1972 until 1977 when he was promoted to a supervisory position. The new position was highly stressful and the claimant became disabled in 1981 due to depression and anxiety resulting from his increased job responsibility. The claimant filed a claim petition in 1984 but the Board determined that the injury occurred in 1977 and therefore

dismissed the petition as untimely under Section 315, citing *McDevitt.*

On appeal we concluded that the claimant had suffered the cumulative effect of work-related events or circumstances which resulted in a final disabling basis for a claim and that this "final disabling basis" was the injury which triggered the running of the statute of limitations. Based upon this conclusion, we found that the claimant's injury had occurred in 1981. Accordingly, we reversed the Board because we concluded that before 1981 there had been no claim and because there was no claim, there was nothing against which the statute of limitations could run.

We find *Pollard* distinguishable from the instant case. First, *Pollard* concerned a psychic injury decided by the referee and Board prior to, and without reference to, the Supreme Court's significant decision in *Martin v. Ketchum Inc.*, 523 Pa. 509, 568 A.2d 159 (1990). As footnote 3 in *Pollard* explains, the validity of the psychic "injury" there was not challenged, which somewhat erodes its authority even in this respect. Here, however, we are not presented with a psychic injury, but with a physical injury. Second, and far more important, is the fact that in *Pollard* the referee found that while the extra stress which caused the claimant's injury began in 1977, these extra pressures only "eventually resulted in [the claimant's] ... depression and anxiety." *Pollard*, 131 Pa.Commonwealth Ct. at 342, 570 A.2d at 144. In other words, the referee's findings indicate that while the cumulative causes of Pollard's injury began in 1977, these causes did not actually result in an *injury* until 1981.

 In the instant case, however, the testimony indicated, and the referee found, that the cumulative effect of work-related circumstances on Claimant actually resulted in carpal tunnel syndrome, the injury, in 1985. While Claimant's condition continued to worsen after 1985 to the point where he was no longer able to work in 1988, this does not negate the fact that Claimant was first diagnosed as being injured in 1985 and that he could have maintained a claim, at least for medical

benefits, as early as 1985.[6] The same cannot be said of the claimant in *Pollard* whose increased stress and responsibility manifested itself as an injury contemporaneously with the claimant's disability. Accordingly, Claimant's reliance on *Pollard* is misplaced.

In *Dana*, the claimants had been employed by the employer for more than thirty years during which time they had constantly been exposed to loud noise during the course of their employment. In 1979, the claimants filed specific loss claim petitions seeking compensation for a complete loss of hearing for all practical intents and purposes in both ears. The employer raised the defense of the statute of limitations but the referee found that neither claimant had been aware that his hearing loss was work-related until the time the claim petitions were filed and awarded benefits.

On appeal, we sustained the referee's finding that neither claimant had been aware of the work-related nature of his injury until the time the petitions were filed. We also rejected the employer's argument that the claimants had suffered their hearing loss long before they filed their claim petitions and that the claims were therefore barred by the statute of limitations. We rejected this argument based upon testimony establishing the progressive nature of the loss and upon "the nature of the injury [*i.e.*, hearing loss] and the difficulty in isolating a single moment when hearing is deemed to be lost for all practical intents and purposes." *Dana Corp.*, 75 Pa.Commonwealth Ct. at 478, 462 A.2d at 902.

The instant case is distinguishable from *Dana* in two respects. First, Claimant in the instant case was informed of his injury and its work-related nature in 1985, and yet failed to file a claim until 1989, whereas in *Dana* the claimants were not aware of the work-related nature of their injuries until shortly before they filed their claims. Second, there is noth-

6. An employee may receive reimbursement for medical expenses incurred as a result of a work-related injury *without a showing that the* injury caused a loss of earnings (disability). *See Deremer v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 415, 433 A.2d 926 (1981).

ing in the record to suggest that the nature of the injury in the instant case presents any special difficulty as far as isolating a single moment in time when the injury has occurred. Our holding in *Dana* was largely based upon the characteristics of a particular injury, a hearing loss which is compensable as an injury under the Act only when it reaches a certain level of loss. It thus has no application here.

We conclude that the Board committed no error of law and did not capriciously disregard the evidence when it found that Claimant was injured as of May 10, 1985 and dismissed Claimant's petition as untimely. Accordingly, the order of the Board is affirmed.

## *ORDER*

NOW, April 26, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.