**ZURN INDUSTRIES and Standard Fire Insurance, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BOTTONI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1999.

Decided July 3, 2000.

John C. Brydon, Erie, for petitioners.

Pamela M. Schiller and Barbara E. Holmes, Pittsburgh, for respondent.

Before DOYLE, President Judge, and COLINS, J., and LEADBETTER, J.

LEADBETTER, Judge.

When Anthony Bottoni filed a simple Workers' Compensation claim in 1986, we doubt he would have expected it to drag on into the new millennium. Yet nine opinions and nearly fourteen years later, the seemingly simple issue of whether Bottoni provided his employer with timely notice of his occupational injury is still not resolved. Even worse, all that each iteration through the appellate process appears to have accomplished is to lengthen the portion of the opinion dedicated to procedural history, and increase the regret each subsequent court felt upon having to remand the case one more time. In an attempt to avoid prolonging this case even further, we will not engage in an exhaustive review of its history.

The basic facts—as pieced together over four Workers' Compensation Judge opinions—appear to be undisputed. Claimant suffered an injury to his right knee in a non–occupational motorcycle accident in 1983, requiring a partial knee replacement and the loss of eight months from work. In 1984, he again hurt his knee when a jitney bumped him, but did not lose any time from work as a result. In May of 1986, Bottoni went to Dr. Ferretti complaining of pain and swelling in his right knee that grew worse when he worked long hours. By August 15, the pain had become so severe that he went to the hospital, and was explicitly told by Drs. Lyon and Ferretti that his injury was work–related. On August 16, Bottoni called work saying that he would not be coming in because his leg hurt and he could not stand. Employer testified that it had no notice that Bottoni considered his injury to be work-related until October 6, 1986.

Under Section 311 of the Workers' Compensation Act,[1] 77 P.S. § 631, it is a prerequisite to the award of benefits that notice be provided to the employer within 120 days of the injury, or under some circumstances, the date the employee should have known that he sustained a work-related injury.[2] Three dates thus

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

2. § 631. Knowledge of employer; notice of injury to employer; time for giving notice; exception

become relevant to our inquiry: the date of the injury, the date claimant knew or should have known that the injury was work-related, and the date that notice was given to the employer. The Workers' Compensation Judge (WCJ) concluded that the injury had occurred by at least the time Bottoni visited Dr. Ferretti in May 1986, and that Bottoni first informed his employer on October 6, 1986. WCJ Opinion of 10/26/88, Finding of Fact # 7. The WCJ did not originally determine when Bottoni knew or should have known the injury was work-related. The Workers' Compensation Appeal Board (Board) filled in the gap, stating, "We simply cannot conclude that the fact that Claimant's knee was sore after working long hours in May 1986 can be construed to mean that Claimant knew or should have known on his own, that his right knee problem was an aggravation of his pre-existing condition, for the purpose of requiring him to give notice." Board Opinion of 12/5/89, at 3. The case was remanded for a determination on the merits. Benefits were granted, and the Board affirmed.

The first time this case was before us, we reversed the Board's determination that "Bottoni was not aware of the employ-

ment relationship to his injury until he was so informed by his physician in August 1986," *Zurn Industries v. Workmen's Compensation Appeal Board (Bottoni)*, 1997 C.D.1992, at 5 (Pa.Cmwlth.1993) [*Zurn I* ], holding that the Board had improperly acted as a factfinder on that point. We remanded the case for a determination of that single issue, and the WCJ concluded that based upon his testimony, Bottoni knew or should have known of the injury's relationship to work in May 1986. WCJ Opinion of 10/30/95, Finding of Fact # 3.

On appeal the Board again remanded for a determination of when the work-related injury occurred, observing that after *Zurn I* this court decided *Mancini's Bakery v. Workmen's Compensation Appeal Board (Leone)*, 155 Pa.Cmwlth.641, 625 A.2d 1308, 1311 (1993). *Mancini's Bakery* held that in cases involving cumulative trauma which continues after the date the claimant became aware the condition was work-related, the critical inquiry is the last date of injury, not the date of discovery.[3] Apparently misperceiving the import of *Mancini's Bakery* and believing himself to be faced with inconsistent or-

---

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

77 P.S. § 631.

**3.** The discovery rule of Section 311 generally comes into play in cases of occupational disease and other forms of latent manifestation injuries. As we noted in *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa.Cmwlth. 567, 496 A.2d 412 (1985), the discovery or diagnosis rule is necessary in the latent manifestation cases because:

[A]n "occupational disease" is latent and insidious and the resultant disability is often difficult to determine. As such, it is distinguishable from an injury by accident which results from a definite event, the time and place of which can be fixed and of which the employee is almost invariably aware.

496 A.2d at 417. At all events, the discovery rule serves only to extend the time from which the 120 day notice period begins to run, not to shorten it. In other words in cases where the discovery rule applies, the notice trigger is the last date of injury or the diagnosis date, whichever is *later*.

ders from this court and the Board, the WCJ adroitly harmonized the two orders by finding both the date of the injury and the date claimant discovered the injury was work-related were in fact the same: May, 1986. The WCJ stated:

> I am firmly convinced that the Claimant's injury, even though he continued working thereafter, occurred at least by May of 1986. I have further concluded, that the Claimant knew or should have known of the relationship between the disability to his right knee and to his employment at least by May of 1986.

WCJ Opinion of 11/18/97, at 3. Since any date in May 1986 is over 120 days before October 6, 1986, the WCJ again dismissed the claim as time barred. *Id.* at 4.

Once again the Board reversed. The Board observed that "In cases where a claimant has sustained a daily aggravation of a pre-existing condition the last date of employment is deemed to be the date of injury." Board Opinion of 9/7/99, at 5. (citation omitted). That determination is the subject of this appeal.

 The Board has stated the law correctly, and we agree that the WCJ erred in applying the law to the facts of this case. Although both *Mancini's Bakery* and *Curran v. Workmen's Compensation Appeal Board (Maxwell Industries)*, 664 A.2d 667, 672 (Pa.Cmwlth.1995) emphasize the fact intensive nature of the date of injury determination, this does not mean that the WCJ has *carte blanche* to pick any date that strikes him as appropriate. A finding as to the date of injury in this context is not so much a finding of fact as a conclusion which flows from the determination of other historical facts. In workers' compensation law, "aggravation" is a term of art denoting a new injury, as opposed to the resumption or manifesta-

tion of symptoms from a past injury.[4] As we have stated in a distinct but related context, "it is the province of the WCJ to make the factual finding as to causation which will lead to the ultimate legal conclusion that the claimant has sustained a separately compensable injury, called an aggravation, or simply has renewed symptoms of the old injury, compensable only in connection therewith, called a recurrence." *SKF USA, Inc. v. Workers' Compensation Appeal Bd. (Smalls)*, 728 A.2d 385, 388 n. 2 (Pa.Cmwlth.1999) (emphasis deleted). Similarly, in the situation presented here, it is the province of the WCJ to determine from the evidence whether the work environment caused a new and additional injury each day or instead simply caused the manifestation of symptoms or prevented healing of a prior injury. In the former case, a daily aggravation has occurred and the last date of employment will be the critical "date of injury" for the purpose of determining whether notice was timely given. In the latter case, the critical date for notice purposes will be the actual date of the occurrence or last of the sequence of events which caused the disabling condition.[5] *See generally Roberts v. Workers' Compensation Appeal Board (Double R Enterprises)*, 719 A.2d 847, 849 (Pa. Cmwlth.1998) (comparing *USAir, Inc. v. Workmen's Compensation Appeal Board (Schwarz)* 160 Pa.Cmwlth. 100, 634 A.2d 714 (1993) with *Brooks v. Workmen's Compensation Appeal Board (Anchor Glass Container)*, 155 Pa.Cmwlth. 248, 624 A.2d 821 (1993)).

 In this case, the testimony of Dr. Ferretti clearly reflects his opinion that the daily rigors of claimant's job contributed to and accelerated the worsening condition of claimant's knee up until the time of surgery in September of 1986. While the WCJ was not bound to accept this testimo-

---

4. It may be noted that many medical professionals refer to any event which triggers a recurrence of symptoms as an aggravation. This has caused considerable confusion in the treatment of the testimony of experts who use this term without more specific explanation.

5. Of course, the applicability of any of these dates as the trigger for notice under Section 311 will in some cases be affected by the discovery rule. *See n. 2, infra.*

ny, he did so. WCJ Opinion of 6/28/91, Finding of Fact # 4. Based upon these facts, claimant suffered a daily aggravation of his prior injuries and pursuant to *Mancini's Bakery,* the date of injury for purposes of notice under Section 311 is his last day of work, August 15, 1986. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 3rd day of July, 2000, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.