## PIAD CORPORATION and Ebi Companies, Petitioners,

v.

## WORKERS' COMPENSATION APPEAL BOARD (MOSKYOK; AIG Claim Services), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 1999.

Decided Oct. 25, 2000.

Mark W. Furry, Pittsburgh, for petitioners.

Michael A. Johnson, Mt. Pleasant, for respondent, T. Moskyok.

Michael W. Smith, Pittsburgh, for respondent, AIG Claim Services.

BEFORE: DOYLE, President Judge, KELLEY, Judge, NARICK, Senior Judge.

DOYLE, President Judge.

In this workers' compensation case, Piad Corporation (Employer) changed workers' compensation carriers after Thomas Moskyok (Claimant) became symptomatic for carpal tunnel syndrome, but before that condition was diagnosed or medical expenses were incurred.[1] The Workers' Compensation Judge (WCJ) determined that the date of injury was January 18, 1995, and concluded that Employer and its risk carrier AIG Claim Services (AIG) were responsible for payment of Claimant's medical expenses. AIG appealed to the Workers' Compensation Appeal Board (Board), which reversed the WCJ's decision in part, reasoning that the diagnosis was rendered in May or June of 1995, thereby establishing that time period as the inception of liability for workers' compensation purposes, and concluding that EBI Companies (EBI) was the carrier on the risk. This appeal followed, and both insurers concede that the only issue is

---

1. AIG provided workers' compensation coverage for Employer until February 4, 1995. On February 5, 1995, EBI began its coverage period as Employer's risk carrier.

whether the proper date of injury is January 18, 1995, making AIG liable for Claimant's reasonable and necessary medical expenses, or May 8, 1995, making EBI liable for Claimant's bills.[2]

The underlying facts are not in dispute.[3] On June 19, 1996, Claimant filed a Claim Petition against Employer and its insurance carrier, AIG, alleging that on January 18, 1995, he sustained a work-related injury in the nature of carpal tunnel syndrome, medial and lateral epicondylitis, and tendonitis resulting from repetitive trauma during the course of his eighteen-year employment with Employer as a tool and die maker. Claimant alleged that this injury caused him to be partially disabled. In October 1996, AIG filed a joinder petition against Employer's current carrier, EBI, asserting that EBI, not AIG, was the responsible carrier.

At a hearing held before the WCJ, Claimant testified that on January 18, 1995, while performing his job duties, he experienced pain in his right forearm, and pain in his left forearm and elbow. Claimant explained that he had been experiencing pain for several months, but upon this occurrence, he reported the problem to his shop foreman and completed an accident report. He acknowledged, in his testimony, that there was no specific happening that precipitated the accident report. Claimant indicated that when the problem persisted, he sought consultation with employer-designated panel physician Dr. Kennen. Claimant testified that he subsequently treated with Drs. Homonai, Coldren and Smith, that he experiences less pain due to treatment by Drs. Homonai and Smith, and that he is able to continue working as a result. Dr. Kennen diagnosed Claimant's carpal tunnel condition on May 8, 1995, and Dr. Homonai diagnosed the carpal tunnel condition on June 12, 1995. However, at no point during the pendency of the litigation was Claimant ever totally disabled, as that term is understood in the workers' compensation context, due to his physical condition.

Claimant presented the deposition testimony of Dr. Homonai, who first saw Claimant on June 12, 1995. Dr. Homonai opined, within a reasonable degree of chiropractic certainty, that Claimant's problems were the sole and direct result of his working as a tool and die maker for the past sixteen [sic] years. (Deposition of Dr. Homonai, dated September 10, 1996, p. 26.) He further testified that Claimant's condition did not result from one specific incident or injury, like the episode that took place on January 18, 1995, but was a gradual thing that occurred over a period of time. (Dr. Homonai's deposition, p. 30.)

The WCJ concluded, under the principles and analysis of our decision in *Bond v. Workers' Compensation Appeal Board (Belmont Center)*, 711 A.2d 554 (Pa. Cmwlth.1998),[4] that Claimant's carpal tun-

---

**2.** This Court's standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

**3.** In the course of the proceedings, both insurers informed the WCJ that neither would be submitting medical evidence in defense of their respective positions, and that each would be relying upon the medical opinion of Claimant's medical witness, Dr. Robert J. Homonai, a board-certified chiropractor. Both insurers concede in their briefs that Claimant suffered a repetitive work injury to both hands, both arms and both elbows during the course of his employment.

**4.** In *Bond,* we concluded that the specific date of the claimant's injury, as opposed to the subsequent date when she found that she could not continue her duties due to severe pain in her fingers, commenced the running of the three-year statute of limitations. We reached this conclusion because Claimant's two treating physicians testified that her carpal tunnel syndrome related back to a specific injury, with neither doctor making reference to any repetitive type of work that claimant performed that could be construed as continuous trauma.

nel condition had resulted from a single incident on January 18, 1995, and dismissed AIG's joinder petition.[5] The net effect of this determination was to place the risk with AIG as the carrier of record. The Board reversed this portion of the WCJ's decision, relying on our decision in *Brooks v. Workmen's Compensation Appeal Board (Anchor Glass Container)*, 155 Pa.Cmwlth.248, 624 A.2d 821 (1993), *petition for allowance of appeal denied*, 536 Pa. 631, 637 A.2d 291 (1993),[6] rendering EBI the responsible carrier.

■ An injury that develops over a period of time and results from a number of work activities in which the employee is engaged is compensable. *Curran v. Workmen's Compensation Appeal Board (Maxwell Industries)*, 664 A.2d 667 (Pa.Cmwlth. 1995), *petition for allowance of appeal denied*, 543 Pa. 732, 673 A.2d 337 (1996). Section 311 of the Workers' Compensation Act,[7] however, does not define injury date. 77 P.S. § 631. But we have said that [i]n cases involving cumulative trauma . . ., determinations of the date of injury depend largely on the facts of each case, the purpose for which the injury date must be established, and the medical evidence presented. *Curran*, 664 A.2d at 671. We have also stated that carpal tunnel syndrome can be a work-related injury, because of repetitive trauma, and that a

claimant does not suffer a compensable disability until the claimant leaves his employment because he is unable to work or is seeking medical treatment.[8] As AIG correctly points out, the rule in *Brooks* is that, when the cumulative effect of work-related circumstances results in an injury, the date of diagnosis is the date of injury. We made that determination by observing that, prior to the receipt of a diagnosis, there is no claim, and that, at the point of diagnosis, Claimant can at least maintain a claim for medical benefits.

EBI's reliance upon *Bolitch v. Workmen's Compensation Appeal Board (Volkswagon of America, Inc.)*, 132 Pa. Cmwlth. 110, 572 A.2d 39 (1990), *petition for allowance of appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990), is misplaced. *Bolitch* involved a discrete event and timely notice, encompassing the issue of whether Bolitch knew, or should have known, of her injury. EBI inexplicably misquotes our decision in *Curran*, another notice case. We did *not* say, where disability results from aggravation over a course of time, the Judge's decision will be upheld if it is supported by substantial evidence regardless of which date is selected by the Judge as the injury date. (Petitioner EBI Companies' brief at 7.) What we said was, where disability results from aggravation over a course of time, the [WCJ], as fact

---

5. The WCJ also reached other conclusions of law, which were affirmed by the Board and are not at issue here.

6. In *Brooks*, we concluded that the date of diagnosis of work-related carpal tunnel syndrome, rather than the date of disability, was the date of injury commencing the three-year statute of limitations for a workers' compensation claim.

7. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

8. A California District Court succinctly described repetitive trauma by stating:

> We think the proposition irrefutable that while a succession of slight injuries in the course of employment may not in themselves be disabling, their cumulative effect

in work effort may become a destructive force. The fact that a single but slight work strain may not be disabling does not destroy its causative effect, if in combination with other such strains, it produces a subsequent disability. The single strand, entwined with others, makes up the rope of causation. The fragmentation of injury, the splintering of symptoms into small pieces, the atomization of pain into minor twinges, the piecemeal contribution of work-effort to final collapse, does not negate injury. The injury is still there, even if manifested in disintegrated rather than in total, single impact. In reality the only moment when such injury can be visualized as taking compensative form is the date of last exposure, when the cumulative effect causes disability.

*Beveridge v. Industrial Accident Commission*, 175 Cal.App.2d 592, 346 P.2d 545, 547–48 (1959).

finder, may rely on medical evidence for [the] determination [of date of injury]. *Id.* at 672. We stated that each aggravation constitutes a new injury and indicated that the date of the *last* injury may be used as the date of injury. *Id.* (referencing *Insurance Company of North America v. Workmen's Compensation Appeal Board (Dettenmeyer),* 504 Pa. 589, 475 A.2d 1323 (1984), for the proposition that the last moment of exposure rule is limited to situations where the liable employer has had successive carriers).

We conclude that the Board committed no error of law when it found that Claimant was injured as of May 8, 1995 when he was first diagnosed with carpal tunnel syndrome. The record establishes that Claimant's injuries are cumulative trauma injuries, that he was not diagnosed with a work-related trauma injury until a point in time during EBI's coverage, that he suffered no wage loss and, therefore, did not become disabled. The Board properly reversed the WCJ to the extent that he dismissed AIG's Petition for Joinder, and to the extent that the WCJ found AIG liable for Claimant's workers' compensation benefits. We, therefore, affirm the decision and order of the Workers' Compensation Appeal Board in all respects.

### *ORDER*

**NOW**, October 25, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.