**CITY OF PHILADELPHIA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WILSON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2000.
Decided Jan. 31, 2001.

properly raised and developed in briefs will not be considered).

Michael D. Schaff, Philadelphia, for petitioner.

W. Michael Mulvey and Richard R. Budney, Jr., Philadelphia, for respondent.

Before McGINLEY, Judge,
FRIEDMAN, Judge, and MIRARCHI,
Jr., Senior Judge.

McGINLEY, Judge.

The City of Philadelphia (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) that granted the claim petition of Isaac Wilson (Claimant).

Claimant was employed as a police officer by Employer. On December 12, 1995, Claimant, while off-duty, helped his cousin repair his car. While driving home, Claimant observed a man assaulting a woman. Claimant stopped his car, approached the pair, identified himself as a police officer, displayed his badge, and intervened. Claimant attempted to halt the altercation and protect the woman. He went to a pay phone near the corner of 29th Street and Lehigh to call for assistance. While on foot, Claimant was struck by a car. He suffered a fractured skull, fractured left tibia, internal trauma, brain damage, memory loss, and facial disfigurement.

Initially, following his release from the hospital, Claimant had no recollection of the accident. Sometime after March 1996, Claimant reviewed the police report of the accident and contacted a witness identified in the report, Lee Banks (Banks). With the

assistance of his wife, Claimant began making inquiries in the area of 29th and Lehigh and gradually began to remember some of the events of December 12.

Eventually, Claimant met Willie Jones (Jones) who told Claimant that on December 12 he observed a man attempt to strike a woman. Jones saw Claimant intercede, display his badge and identify himself as a police officer. Jones reported to Claimant that he witnessed this scene shortly before the accident. Jones did not witness the accident, but turned back when he heard a crash and saw Claimant beneath the vehicle.

On or about April 8, 1997, Claimant petitioned for benefits and alleged that he was in the course and scope of his employment when injured.

Before the WCJ, the parties stipulated that Claimant was totally disabled since December 12, 1995, as a result of the accident. Claimant testified that he told a police investigator in March 1996 that he did not know how he got to 29th and Lehigh, only that he remembered being lifted into the ambulance. Notes of Testimony, June 20, 1997, (N.T. 6/20/97) at 16; Reproduced Record (R.R.) at 31a. Claimant testified that in February 1997, he and his wife went to 29th and Lehigh and talked to Banks. N.T. 6/20/97 at 19–20; R.R. at 34a–35a. Claimant testified that about March 1, 1997, he again returned to 29th and Lehigh, this time at about the

same time as the accident. He recalled speaking with his wife, "And she kept saying, you know, let's go, let's go. And I said wait a minute and I started thinking about it. And then my memory came back to me what exactly happened out there." N.T. 6/20/97 at 22–23; R.R. at 37a–38a.

Jones testified that he first became aware of interest in information about the accident in March 1997. Notes of Testimony, September 12, 1997, (N.T. 9/12/97) at 7; R.R. at 73a. Jones testified consistently with what he previously had told Claimant he saw on December 12. Jones corroborated Claimant's testimony.[1]

The WCJ found Claimant and Jones credible, rejected Banks's testimony as "incredible in the greatest degree" [2] and awarded Claimant benefits. The WCJ did not address the issue of the notice requirement imposed by Section 311 of the Workers' Compensation Act [3] (Act), 77 P.S. § 631.[4]

Employer appealed to the Board. On the issue of notice, the Board held:

As stated before, Claimant's injuries included a serious head injury and he had no immediate recollection of what had preceded the accident. It was only after the discussion of the incident with police investigators that he returned to the scene of the accident. After this he began to piece together the circumstances

---

1. On behalf of Employer, Banks testified that he witnessed the accident and called 9–1–1 to summon help. Deposition of Leandro Banks, January 23, 1998, (Banks Deposition) at 7–8; R.R. at 110a–111a. Banks testified that he did not witness any altercation or see Claimant attempt to break up an altercation. Banks Deposition at 10; R.R. at 113a.

2. WCJ's Decision, November 25, 1998, Finding of Fact No. 16 at 3; R.R. at 4a.

3. Act of June 2, 1915, P.L. 736, *as amended.*

4. Section 311 of the Act, 77 P.S. § 631, provides in pertinent part:
   Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or

some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation *or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* (Emphasis added).

of his injury. It was not until March 1, 1997 that the Claimant remembered for the first time what exactly had happened just prior to the accident. (Tr. 6/20/97 Pg. 20). His lack of knowledge of the exact circumstances of the accident was corroborated by an independent witness, Mr. Jones, who was found credible by the WCJ. Mr. Jones noted that he did not come forth until learning that someone was seeking information regarding the accident in question. It was only after the Claimant had met with Mr. Jones that he (the Claimant) was able to confirm the facts of what preceded the motor vehicle accident. Shortly thereafter, on April 8, 1997, the Claimant filed the instant Claim Petition. Under the circumstances of this case, we find that the Claimant's delay in giving notice of the injury to the Defendant [Employer] must be excused because he did not immediately know, and could not have reasonably known, that his injuries were related to his work duties. Very promptly after confirming that his injuries might well be related to his work duties, he then gave adequate notice to the Defendant [Employer].

Board Opinion, July 19, 2000, at 6–7; R.R. at 13a–14a.

Employer contends [5] that the WCJ committed an error of law when he found that Claimant complied with the notice requirement imposed by Section 311.[6]

■ Whether a claimant has complied with the Section 311 notice requirement is a question of fact to be determined by the WCJ. *Travelers Ins. Co. v. Workmen's Compensation Appeal Board (Levine)*, 68 Pa.Cmwlth.24, 447 A.2d 1116 (1982).

■ Here, Claimant testified that he was unaware until March 1, 1997, that he was injured while in the process of calling 9–1–1 to get assistance after stopping a man from attacking a woman when he was struck by a car and that he was injured while acting in the course of his employment as a police officer. Jones corroborated Claimant's description of the accident. The WCJ found both Claimant and Jones credible. The WCJ, as the ultimate finder of fact in compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth.461, 593 A.2d 921, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991). This Court will not disturb a WCJ's findings when those findings are supported by substantial evidence. *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262 (Pa.Cmwlth.1995).

■ Given that the WCJ accepted Claimant's testimony that he became aware of the relationship of his injury to his employment on March 1, 1997, and that Claimant filed his claim petition on April 8, 1997, Claimant satisfied the requirement of Section 311 of the Act by notifying Employer by filing the claim petition within one hundred twenty days after he knew or should have known that the injury was related to his employment.

■ Employer asserts that the exception contained in Section 311 that provides the one hundred twenty days to give notice to the employer does not run until the employee is aware of the injury and its possible relationship to his employment, is limited to occupational diseases and repetitive physical trauma and aggravations.

---

5. We note that the record before this Court does not reflect that Employer raised the issue of notice before the WCJ. However, Employer did raise the issue before the Board, and Claimant does not assert waiver. Therefore, we will address the issue.

6. Our review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

While, perhaps, this exception more often comes into play in an occupational disease situation where the injury does not develop at a specific time but over many years and is not readily apparent, the Act itself does not contain such a limitation.

Further, this Court has noted "the discovery rule of Section 311 *generally* comes into play in cases of occupational disease and other forms of latent manifestation injuries." (Emphasis added). *Zurn Industries v. Workers' Compensation Appeal Board (Bottoni)*, 755 A.2d 108, 110 (Pa. Cmwlth.2000).

Accordingly, we affirm.

## ORDER

AND NOW, this 31st day of January, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.